UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY MILLS,

                                    Plaintiff,

                                                                                          Case # 13-CV-6605-FPG

v.

                                                                                         ORDER TO SHOW CAUSE

BRIAN O'HARA, et al.,

                                    Defendants.
_____

       On February 4, 2014, after the Court screened *pro se* Plaintiff Anthony Mills's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court allowed Plaintiff's excessive force claim against Defendant Daniel J. Granville to proceed to service.  ECF No. 5.  The Court stayed Plaintiff's false arrest and search and seizure claims against the remaining Defendants "pending final resolution of his criminal proceedings or success in overturning his conviction."  *Id.* at 6.  The Court directed Plaintiff to "move to reinstate the claims . . . within 60 days of the final resolution of his criminal proceedings."  *Id.*

       On March 24, 2014, all Defendants were served.  ECF No. 6.  The Court directed Defendant Granville to answer the Amended Complaint, but indicated that "the remaining defendants need not answer the stayed claims at this time."  ECF No. 7.  Defendant Granville answered on May 23, 2014, but the remaining Defendants have not answered or otherwise participated in this case.

       On August 3, 2015, the Court referred this case to United States Magistrate Judge Marian W. Payson and it proceeded to discovery on the excessive force claim against Defendant Granville only.  ECF No. 10.  On February 21, 2018, after several amendments to the discovery schedule, the parties filed a notice of voluntary dismissal as to the excessive force claim against Defendant Granville.  ECF No. 40.

On March 25, 2016, the Appellate Division, Fourth Department, unanimously affirmed Plaintiff's Erie County Court conviction of burglary in the second degree. *See People v. Mills*, 137 A.D.3d 1690 (4th Dep't 2016). On February 15, 2017, the Court of Appeals denied Plaintiff leave to appeal. *See People v. Mills*, 28 N.Y.3d 1186 (2017). Thus, in accordance with the Court's February 4, 2014 Order in this case, Plaintiff had until April 16, 2017 to reinstate his false arrest and search and seizure claims. ECF No. 5 at 6. Even though this deadline passed ten months ago, Plaintiff has not moved to reinstate those claims. This case, which is over four years old, has otherwise been resolved now that Plaintiff voluntarily dismissed his claim against Defendant Granville. ECF No. 40.

If a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause within 30 days why the case should not be dismissed as a result of that noncompliance. *See* Loc. R. Civ. P. 41(b). Accordingly, Plaintiff must show cause in writing by March 23, 2018 why the remainder of this case should not be dismissed for failure to adhere to the Court's deadline to reinstate his stayed claims. Failure to comply with this Order will result in the dismissal of this action with prejudice. *See* Loc. R. Civ. P. 41(b); Fed. R. Civ. P. 41(b).

    IT IS SO ORDERED.

Dated: February 22, 2018
       Rochester, New York

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court