UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

ANTHONY MILLS,

                                Plaintiff,

                                                              Case # 13-CV-6605-FPG

v.

                                                              DECISION AND ORDER

BRIAN O'HARA, et al.,

                                Defendants.
───────────────────────────────

## BACKGROUND

*Pro se* Plaintiff Anthony Mills brings this case against Defendants under 42 U.S.C § 1983. On February 4, 2014, after the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court allowed his excessive force claim against Defendant Daniel J. Granville to proceed to service. ECF No. 5. The Court stayed Plaintiff's false arrest and search and seizure claims against Defendants Brian O'Hara, Timothy F. Carney, and Alan Rozansky "pending final resolution of his criminal proceedings or success in overturning his conviction." *Id.* at 6. The Court directed Plaintiff to "move to reinstate the claims . . . within 60 days of the final resolution of his criminal proceedings." *Id.*

On March 24, 2014, all Defendants were served. ECF No. 6. The Court directed Defendant Granville to answer the Amended Complaint, but it indicated that "the remaining defendants need not answer the stayed claims at this time." ECF No. 7. Defendant Granville answered on May 23, 2014, but the remaining Defendants have not answered or otherwise participated in this case.

On August 3, 2015, the Court referred this case to United States Magistrate Judge Marian W. Payson and it proceeded to discovery on the excessive force claim against Defendant Granville only. ECF No. 10. On February 21, 2018, after several amendments to the discovery schedule,

the parties filed a notice of voluntary dismissal as to the excessive force claim against Defendant Granville. ECF No. 40.

Although this case had been resolved against Defendant Granville, Plaintiff's stayed claims against the other Defendants were still outstanding pending final resolution of his criminal proceedings or success in overturning his conviction. The Court discovered, however, that on March 25, 2016, the Appellate Division, Fourth Department, unanimously affirmed Plaintiff's Erie County Court conviction of burglary in the second degree, and on February 15, 2017, the Court of Appeals denied Plaintiff leave to appeal. *See People v. Mills*, 137 A.D.3d 1690 (4th Dep't 2016), *denying leave to appeal*, 28 N.Y.3d 1186 (2017). Thus, in accordance with the Court's February 4, 2014 Order in this case, Plaintiff had until April 16, 2017 to reinstate his false arrest and search and seizure claims. ECF No. 5 at 6.

On February 23, 2018, because this deadline expired, Plaintiff had not moved to reinstate the stayed claims, and this case had otherwise been resolved, the Court ordered Plaintiff to show cause by March 23, 2018 why this case should not be dismissed for failure to comply with the Court's deadline. ECF No. 41 (citing Loc. R. Civ. P. 41(b)).

On March 15, 2018, Plaintiff responded to the Order to Show Cause and informed the Court that he had a pending writ of habeas corpus. ECF No. 43. Accordingly, because it was still possible that Plaintiff's conviction could be overturned, the Court allowed Plaintiff to continue this case until his habeas matter was resolved. ECF No. 44.

By Decision and Order dated June 7, 2018, the Honorable Michael A. Telesca denied Plaintiff's petition for a writ of habeas corpus and dismissed the case. *Mills v. Miller*, No. 17-CV-286(MAT), 2018 WL 2739436 (W.D.N.Y. June 7, 2018). Judge Telesca declined to issue a

2

certificate of appealability and certified that an appeal from his Decision and Order would not be taken in good faith. *Id.* at *7.

## DISCUSSION

### I. Section 1915

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court must dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if it determines that the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2) (stating that the court "shall dismiss" an *in forma pauperis* plaintiff's case "at any time" if it determines that the action fails to state claim upon which relief may be granted).

### II. *Heck v. Humphrey*

Plaintiff alleges that Defendants violated his Fourth Amendment rights when they subjected him to an unreasonable search and seizure and falsely arrested him on December 28, 2011. ECF No. 4 at 6-9. These claims, however, are barred by the favorable termination rule that the Supreme Count announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* (emphasis in original).

Here, Plaintiff seeks money damages for police misconduct that allegedly resulted in an unreasonable search and seizure and his false arrest. To date, however, Plaintiff has unsuccessfully challenged the circumstances underlying his conviction—the Appellate Division unanimously affirmed Plaintiff's conviction, the Court of Appeals denied Plaintiff leave to appeal, and this Court denied Plaintiff's petition for a writ of habeas corpus. Accordingly, because Plaintiff has not obtained a favorable termination of his challenged conviction, this civil rights case "is necessarily barred by *Heck*, as such suit would constitute an impermissible collateral attack on the validity of his conviction and sentence." *Oliver v. Tepperman*, No. 08-CV-3685 RRM/LB, 2010 WL 889276, at *3 (E.D.N.Y. Mar. 10, 2010).

## CONCLUSION

For the reasons stated, Plaintiff's Amended Complaint is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: July 27, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4